## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                          **Case No.: 8:26-cr-41-TPB-CPT**
                                                        **(Time Sensitive)**

**JEREMY N. RYAN**

_____/

## DEFENDANT'S MOTION TO APPEAL RELEASE ORDER

The Defendant, Jeremy Ryan, pursuant to 18 U.S.C. § 3145(a) and Local Rule 1.09, respectfully moves on a time-sensitive basis to review and appeal the conditions of his release order. In support of this motion, Mr. Ryan states as follows:

1.     This motion is time sensitive. Given Mr. Ryan's strict release conditions, his health conditions, and the nature of his work using the internet, which involves being a citizen journalist and working in the cryptocurrency space, he hasn't been able to work, make any earnings, and pay for essentials, like food and rent. His savings are nearing depletion, and he will be kicked out of his apartment on May 26, 2026. He risks being homeless, which cannot be an option given his current release conditions of being on a monitor and his current health issues, which could very well kill him.

1

2.      Mr. Ryan lives in San Diego in the Southern District of California. Given his health issues and being in dire financial straits, he respectfully requests to appear by video or telephone to address the appeal of his release conditions.

3.      The facts and procedural history of Mr. Ryan's case are laid out in detail in his memorandum opposing Judge Tuite's gag order. Doc. 29. Here's a quick summary of the pertinent facts relevant to this motion, appealing all his pretrial release conditions as being much too restrictive.

4.      For health reasons, Mr. Ryan was released from detention in San Diego and given strict pretrial release conditions, including: (1) a no-contact order for Victim 1, Witness 1, and their family members; (2) a no-doxing order for Victim 1 and his family, Witness 1 and his family, law enforcement, and the prosecutors; (3) one approved device with computer monitoring; and (4) a no-contact order to include the "victims' companies or any agencies that the victims' companies contract with." Release Orders, United States v. Ryan, 3:26-mj-139-BJW (S.D. Cal.), (Docs. 17, 18).

5.      After Mr. Ryan was indicted and arraigned here in Tampa, Docs. 3, 7, 13, he was ordered to appear in person by Judge Tuite on March 19 for an unspecified hearing. Doc. 15.

2

6.      Mr. Ryan filed time-sensitive motions to appear virtually or telephonically for the March 19 hearing, Docs. 16, 18, but those motions were denied, Docs. 17, 19.

7.      At the March 19 hearing, without facing any kind of violation, Judge Tuite further amended Mr. Ryan's pretrial release conditions, making them even more restrictive. Doc. 20. Those conditions are quoted here:

> Defendant is prohibited in any searches or postings related to the victim or witness, and victim/witness family members, law enforcement officials, including prosecutors and their families, judicial officers in this case or their family members, and victim/witness companies and agencies with which those companies contract. Defendant shall be placed on home incarceration and may attend medical appoints or court ordered obligations with prior approval from pretrial services.

*Id.*

8.      Mr. Ryan objected to the gag order on First Amendment grounds, and the Court ordered briefing on the matter. *Id.*

9.      The parties briefed the issues, Docs. 29, 30, but there hasn't been any rulings on the matter one way or the other.

10.      Since then, circumstances have changed and have become ever more dire for Mr. Ryan. He faces eviction from his residence on May 26 because he cannot earn a living with such restrictive release conditions.

11.      As previously mentioned, Mr. Ryan is limited in the type of work he can do because of the many health issues he has. He's on social security

3

disability. He's on disability for various ailments, such as cancer and heart problems. His cancer is currently in remission, but the doctors have some concerns and have been ordering more tests and appointments as of late. Mr. Ryan is also on a pacemaker/defibrillator that requires constant monitoring by his health team. Without proper housing, he cannot have proper monitoring. Without proper monitoring, he could die. This isn't hyperbolic. It's a fact.

12.     Mr. Ryan works as a citizen journalist and in the cryptocurrency space as an artist making non-fungible tokens. Given the nature of Mr. Ryan's work, everything he does occurs over the internet. The one device he was permitted to have doesn't cut it for work purposes. It's a cellphone, not a laptop. He cannot conduct his business, draft articles, communicate with prospective clients, and proceed with civil litigation using just 1 device.

13.     What's more, his devices that were taken during the raid are central to his work in the crypto space, as a citizen journalist, and as a litigant in pending civil litigation against various entities and individuals, such as Elon Musk, Victim 1, Witness 1, and their companies. All his important files in these areas are on his devices that were taken. He needs his devices back and returned to him so he can continue conducting all his work.

14.     In addition, the devices that were taken from him are the only way he can access his 2-factor authentication settings to regain access to his online

4

accounts. He is completely locked out. The 1 device he's permitted cannot be used to recover his accounts, since everything is blocked and protected using 2-factor authentication. And his email accounts are also protected by 2-factor authentication, making everything inaccessible.

15.     One other thing. Mr. Ryan has been hesitant to draft and publish articles as a citizen journalist given Judge Tuite's gag order, further chilling and restraining his rights to freedom of speech and freedom of the press under the First Amendment. The gag order in its current form prevents him from making a living as a citizen journalist since he's reluctant to publish articles that could be viewed as violating the unconstitutional gag order.

16.     If Mr. Ryan's pretrial release conditions aren't lifted or modified to be less restrictive and if his devices aren't returned to him, then he faces eviction, homelessness, and adverse health consequences.

17.     The legal basis to review and appeal a release order is found at 18 U.S.C. § 3145(a)(2):

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court[,] the person may file, with the court having original jurisdiction over the offense, a motion for amendment of these conditions of release.

18.     A motion to review and appeal a release order "shall be determined promptly. *Id.*

For the foregoing reasons, Mr. Ryan is appealing the conditions of his release order and respectfully requests this Court's power of review under 18 U.S.C. § 3145(a)(2), that this matter be heard promptly on a time-sensitive basis under § 3145(a) and Local Rule 1.09, and he be permitted to appear virtually or telephonically for this hearing given his health and finances.

Respectfully submitted,

Charles L. Pritchard, Jr.
Federal Defender

*/s/ Stephen Consuegra*
Stephen Consuegra
Assistant Federal Public Defender
Florida Bar No. 105816
400 N Tampa Street, Suite 2700
Tampa, Florida 33602
Phone: (813) 228-2715
Fax: (813) 228-2562
E-mail: Stephen_Consuegra@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2026, a true and correct copy of the

foregoing was furnished using the CM/ECF system with the Clerk of the Court,

which will send notice of the electronic filing to the following:

E. Jackson Boggs, Jr.

*/s/ Stephen Consuegra*

Stephen Consuegra
Assistant Federal Public Defender
