# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                           Case No.: 8:26-cr-41-TPB-CPT

JEREMY RYAN

_____/

### Defendant's Unopposed Motion to Modify
### Conditions of Pretrial Release

The defendant, Jeremy Ryan, buying through undersigned counsel hereby move this Honorable Court, for an order instructing Pretrial Services to modify the conditions of release currently imposed on the defendant and in support thereof states:

1.      This motion is not an attempt to change the current conditions of release in place as ordered by the Court. This motion is to modify the conditions imposed unilaterally by Pretrial Services, that exceed the orders of the Court and are unnecessary to appropriately supervise Mr. Ryan.

*Background*

2.      Mr. Ryan was released from detention in San Diego under pretrial release conditions, including: (1) a no-contact order for Victim 1, Witness 1, and their family members; (2) a no-doxing order for Victim 1 and his family, Witness

1

1 and his family, law enforcement, and the prosecutors; (3) <u>one approved device with computer monitoring</u>; and (4) a no-contact order to include the "victims' companies or any agencies that the victims' companies contract with." Release Orders, United States v. Ryan, 3:26-mj-139-BJW (S.D. Cal.), (Docs. 17, 18).

3.    On March 19, 2026, United States Magistrate Judge Tuite amended Mr. Ryan's pretrial release conditions, making them more restrictive. Doc. 20. Those amended conditions were:

> Defendant is prohibited in any searches or postings related to the victim or witness, and victim/witness family members, law enforcement officials, including prosecutors and their families, judicial officers in this case or their family members, and victim/witness companies and agencies with which those companies contract. Defendant shall be placed on home incarceration and may attend medical appoints or court ordered obligations with prior approval from pretrial services.

*Id.*

On May 19, 2026, United States Magistrate Judge Tuite further amended Mr. Ryan's pretrial release conditions stating:

[t]he Court hereby modifies its search and post restriction as follows:

> [Mr. Ryan] shall not conduct any internet searches or make any posts or direct others to conduct any internet searches or make any posts about (a) the victims in this case—including, but not limited to, Victim 1—concerning their potential participation in the investigation or in this criminal proceeding or their families; (b) known or reasonably
>
> foreseeable witnesses—including, but not limited to, Victim 1 and Witness 1— concerning their potential

participation in the investigation or in this criminal proceeding or their families; and/or (c) counsel in the case (other than the U.S. Attorney for the Middle District of Florida and the Department of Justice), members of the court's staff and counsels' staff, or the family members of any counsel or staff member *if* the internet research and posts are made with the intent to materially interfere with, or to cause others to materially interfere with, counsel's or staff's work in this criminal case, or with the knowledge that such interference is highly likely to result. Mr. Ryan shall also not conduct any internet research regarding the location of the judges assigned to this case or any research regarding the judges' families.

Doc. 39.

4. The defendant is currently under computer monitoring by Pretrial Services in San Diego, California. Pretrial services has placed a key stroke monitoring program on the defendant's computer. The monitoring program allows Pretrial Services to see everything the defendant looks at and enters into the computer. This computer monitoring is required by the current conditions of release in place. However, the current monitoring system also has a default system in place that blocks numerous websites, browsers and apps. The default blocks are not a condition of the defendant's release. Undersigned counsel has spoken with Pretrial Services Officers Eric Kosmo and Fred Higgins from Pretrial Services in San Diego, California as well as Venessa Mendez from Pretrial Services in Tampa, Florida, regarding the default blocks currently in place. Pretrial Services in San Diego indicates that they can monitor Mr. Ryan's key strokes to see exactly what

he's looking at on his computer. They also indicate they do not need the default blocks in any way to monitor what is searched or researched on Mr. Ryan's computer. Further, the Pretrial services Officer in San Diego  indicated that removing the default block would not affect their ability to monitor Mr. Ryan as required by the current conditions of release.

5.  The defendant indicates that default blocking of websites, browsers and apps are affecting his ability to research his case and to do research for his employment as a journalist. The defendant moves for this Court to order Pretrial Services to remove the default block on the defendant's computer.

6. The defendant contacted AUSA Jackson Boggs who indicated he also spoke with Pretrial Services and he has no objection to the motion.

WHEREFORE, the defendant moves for this Court to order Pretrial Services to remove the default block of websites, browsers and apps on the defendant's computer.

Respectfully submitted,

FARMER & FITZGERALD, P.A.

/s/*Timothy J. Fitzgerald*, Esq.
Timothy J. Fitzgerald, Esq.
FL Bar No. 0780618
800 W. De Leon St.
Tampa, FL 33606
(813) 228-0095
FAX (813) 224-0269

4

fflawpafedtjf@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by em/ecf Electronic Mail to the following this of July 15, 2026:

AUSA Jackson Boggs

/s/ *Timothy Fitzgerald*, Esq.
Counsel for Defendant

5